There is a dispute whether a presumption of fault arises against the Morse from the mere fact of collision. Assuming that the appellant is right in saying that such a presumption does arise, we think the Morse has rebutted it. The collision was caused by the emergency created by the schooner, and we cannot say that the master of the Morse showed any lack of care or skill in the choice he made to turn sharply on a starboard helm for the purpose of taking his tow between the stern of the Whitney and Hallet's Point, rather than to persist in his original intention of passing between Great Mill Rock and Ward's Island.

The decree is affirmed, with costs.

---

In re CURRIE et al.

In re AUSTIN.

(Circuit Court of Appeals, Second Circuit. February 14, 1911.)

No. 138.

1. BANKRUPTCY (§ 143*)— ASSETS—STOCK EXCHANGE SEAT.

Though a bankrupt's seat in the New York Stock Exchange is property or assets passing to his trustee, it cannot become available until claims of other members of the association have been passed on by the sole tribunal entitled to do so according to the laws and rules of the exchange, under the rule that where a person joins an organization his contractual engagements arising therefrom are binding on all those successors in interest who claim by, through, or under him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

2. EXCHANGES (§ 7*)—CLAIMS—PRESENTATION—INJUNCTION.

Where a member of the New York Stock Exchange has become a bankrupt, persons, having claims against him may be precluded by their own acts or omissions from submitting such claims to the exchange committee on admissions, pursuant to its constitution and by-laws, for allowance against the proceeds of the member's seat, and may be enjoined from so doing by a court of competent jurisdiction having power over the person of the claimants.

[Ed. Note.—For other cases, see Exchanges, Dec. Dig. § 7.*]

3. BANKRUPTCY (§ 136*)—CLAIMS—SECURITIES—STOCK EXCHANGE SEAT.

Where bankruptcy proceedings were instituted in Michigan against a member of the New York Stock Exchange, and the bankrupt was indebted to H. & Co. in an amount secured by pledged collaterals, H. & Co. were entitled to propound their demand to as much of the collateral as they could secure, and also to proceed concurrently before the Stock Exchange committee on admissions to subject the value of the bankrupt's Stock Exchange seat to the payment of the debt, so that, in the absence of proof that either fund would be sufficient to satisfy the debt, the trustee could not compel payment of the amount received from the sale of such seat to him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

Petition to Review Order of and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Cameron Currie and others, composing the firm of Cameron Currie & Co. On petition of Fred-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erick G. Austin, trustee in bankruptcy, in proceedings in the Eastern district of Michigan to compel the New York Stock Exchange to pay over to him as trustee the proceeds of the sale of the Stock Exchange seat of Cameron Currie. An order was entered denying the motion, and the trustee appealed, and also filed a petition to review. Affirmed, on the opinion of the trial judge, which is as follows:

The proposition that a bankrupt's seat in the New York Stock Exchange is property or assets passing to his trustee may be admitted. I think it must be admitted, but am unable to perceive how it advances the petitioner's case. A seat in this Stock Exchange is property of such a nature that it can never become available to the assignee, legal representative, receiver or trustee of a Stock Exchange member, until the claims of other members of this unincorporated association have been settled by the sole tribunal entitled to pass upon the same according to the laws of the exchange, which are no more than the contractual engagements entered into by every person joining the organization, and therefore binding upon all those successors in interest who claim by, through, or under a Stock Exchange member.

It is true that persons having claims against a member or ex-member of the exchange who might submit the same to the Stock Exchange committee on admissions (pursuant to the constitution and by-laws) may be precluded from so doing by their own acts or omissions, and may be enjoined from so doing by the action of a court of competent jurisdiction having power over the person of the claimant. This was done in O'Dell v. Boydon, 150 Fed. 731, 80 C. C. A. 397, and it may be that Mr. Freer has in effect done the same thing by taking the course he has with respect to proceedings in the District Court for the Eastern District of Michigan, sitting in bankruptcy.

But this reasoning cannot apply to the claim of Hayden, Stone & Co. It does not appear that the bankruptcy court in Michigan has any jurisdiction over this firm, and there is nothing in the papers submitted to show that any effort has been made by that court to enjoin Hayden, Stone & Co. from prosecuting any and all remedies which they may have anywhere in the world against Cameron Currie. The circuit court for the county of Wayne in the state of Michigan has not enjoined Hayden, Stone & Co., and quite plainly could not, if it wished to, from pursuing any remedy which the firm may have against said Currie before the admissions committee of the Stock Exchange.

The facts, therefore, seem to me quite plain, as follows: When Currie failed, he was indebted to Hayden, Stone & Co. in an easily ascertainable amount of money. For the repayment of that money the creditors had two securities: (a) The collateral furnished by Currie; (b) Currie's Stock Exchange seat. How much of the Currie collateral would be available to Hayden, Stone & Co. was and still is doubtful, owing to the appearance of numerous parties claiming portions of the collateral by right superior to both pledgor and pledgee. Therefore Hayden, Stone & Co. did what they had a right to do; i. e., propound their demand to as much of the collateral as they could get in the circuit court for Wayne county and contemporaneously assert their right to the whole or any part of the proceeds of Currie's Stock Exchange seat before the committee on admissions of the Stock Exchange. It was the usual case of a person having more than one security proceeding upon all his demands at once.

If it were possible to say that either fund would be sufficient to satisfy the demands of Hayden, Stone & Co., it might well be that that firm could by proper proceedings in a proper court be enjoined from harassing other creditors by tying up more property than was required for their purposes. But that cannot be done. There is nothing to show how large a portion of the fund realized in Michigan will be required to satisfy the demands of the real owners of the collateral put up by Currie with Hayden, Stone & Co. So that the only question remaining is whether the admissions committee of the New York Stock Exchange has now pending before it a claim by Hayden, Stone & Co. undetermined, as to which the claimant is guilty of no laches, and from the prosecution of which it has not been enjoined. It is to me too plain for argument that such a claim is now pending before the admissions commit-

tee; and that that tribunal cannot be deprived of its jurisdiction, in accordance with the laws of the state of New York, is a point as to which I do not think it necessary to cite authorities.

Owing, therefore, to the existence of the claim of Hayden, Stone & Co., the application is denied.

Frederick Geller (Henry M. Campbell, of counsel), for petitioner.

Carter, Ledyard & Milburn (W. F. Taylor, of counsel), for respondent New York Stock Exchange.

K. R. Babbitt, for respondents Hayden, Stone & Co.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Order affirmed, on opinion below.

---

**W. L. PERKINS & CO. v. VON BAUMBACH, Collector of Internal Revenue.**

(Circuit Court of Appeals, Eighth Circuit. January 12, 1911.)

No. 3,390.

TRIAL (§ 395*)—TRIAL BY FEDERAL COURT WITHOUT JURY—FINDINGS OF FACT—SUFFICIENCY.

Where an action is tried by a Circuit Court without a jury under Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), and special findings of fact are made, which under the statute have the same effect as a special verdict of a jury, such findings must be of ultimate facts on which the law determines the rights of the parties, and a mere setting out of the testimony of a witness, with a statement that the court finds it to be true, is not a finding of fact which will support a judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 931; Dec. Dig. § 395.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by W. L. Perkins & Co. against Frederick Von Baumbach, Collector of Internal Revenue. Judgment for defendant, and plaintiff brings error. Reversed.

Edward C. Stringer (McNeil V. Seymour and Edward S. Stringer, on the brief), for plaintiff in error.

Charles C. Houpt, U. S. Atty., for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. Perkins & Co. commenced this action against Von Baumbach, as collector of internal revenue for the district of Minnesota, to recover $1,397 and interest for money paid to said collector under protest as tax and penalties for doing business as a wholesale and retail liquor dealer at certain points in North Dakota. The issue made by the pleadings was as to whether certain sales of liquor by Perkins & Co. were made in Minnesota or North Dakota. The action was tried to the court, a jury having been waived as provided by law. On October 6, 1909, a judgment on the merits and for costs was rendered against Perkins & Co. Prior to the ren-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes