### AUSTIN *v.* HAYDEN.

EQUITY—PARTNERSHIP—SUPPLEMENTAL BILL — BANKRUPTCY — INSOLVENCY—ACCOUNTING—CREDITOR'S SUITS.

A supplemental bill to discover or sequestrate assets of an individual partner will not lie after decree in a suit brought against the members of the firm by their trustee in bankruptcy, to secure an accounting of their dealings

with the firm, since the purpose of the supplemental proceeding is not germane to that of the bill of complaint for an accounting.

Appeal from Wayne; Mandell, J. Submitted January 13, 1916. (Docket No. 23.) Decided March 30, 1916.

Bill by Fred G. Austin, as receiver of Cameron Currie & Company, against Charles Hayden and others, copartners as Hayden, Stone & Company, for an accounting and other relief. Complainant was later selected trustee in bankruptcy of said firm and given permission to prosecute this suit as such trustee. From an order denying complainant's petition to file a supplemental bill, complainant appeals. Affirmed.

*Selling & Brand* and *Alfred J. Ducharme,* for complainant.

*Stevenson, Carpenter, Butzel & Backus* (*Henry W. Beal,* of counsel), for defendants.

STEERE, J. This is an appeal from an order overruling an application for leave to file a supplemental bill. The supplemental bill itself, duly verified, was filed with the petition for leave to file. The defendants appeared specially by counsel for the purpose of opposing the granting of the petition. After an argument the learned circuit judge denied the petition upon the following grounds:

"*First.* The parties having fully litigated the matters within the scope of the original bill, and the defendants having satisfied the final decree rendered thereon, the court lacks jurisdiction to grant the leave requested by complainant.

"*Second.* The subject-matter of the supplemental bill is not germane to that of the original bill, nor to the matters litigated thereunder.

"*Third.* It is the opinion of the court that it does not accord with equity and good morals to compel de-

190 Mich.—34.

fendants to litigate in this suit the question of their liability for the proceeds of the New York and Boston Stock Exchange seats.

"*Fourth.* If complainant is justified in instituting proceedings to recover the proceeds of the New York and Boston Stock Exchange seats, he should institute them by an original suit commenced in a court having jurisdiction to render a personal decree against defendants."

The original bill was filed on July 22, 1908, by complainant as receiver of Cameron Currie & Co., against defendants, in which suit an accounting was sought between the firm of Cameron Currie & Co. and defendants. An amended bill was filed on the 27th day of July, 1908. It appears that a petition in bankruptcy was filed against Cameron Currie & Co. on the 10th day of August, 1908, and on the 26th day of August, 1908, said Cameron Currie & Co. and Louis H. Case, as copartners and as individuals, were adjudged bankrupts, and that thereafter complainant was duly elected trustee in bankruptcy of said Cameron Currie and Louis H. Case, as copartners, and as individuals. An order was thereafter made in the District Court for the Eastern District of Michigan permitting the trustee in bankruptcy to prosecute his suit in the Wayne circuit court. This order contained the following provisions:

"This order is made upon the understanding as basis therefor that in so far as said suit in chancery involves claims of customers or creditors of Cameron Currie & Co., the said circuit court for the county of Wayne, in chancery, will be limited to the determination of adverse claims by way of ownership of the various securities involved in said suit (or in lieu thereof to proceeds derived from the sale of such securities, respectively, pursuant to the order made by said court on the 13th day of August, 1908), and will not determine any claim of preference, priority, or security in respect to the fund or funds involved in said suit in chancery not based on ownership as aforesaid—it being deemed

proper that the administration of the estate of the bankrupts and all questions of preference, priority, or security other than those based on ownership, as aforesaid, should be had and determined in this bankruptcy court; also that said chancery court will cause notice to be given to all parties who claim ownership as aforesaid of any of the securities involved in said suit, and who have not already intervened therein, of the pendency of said suit, and give reasonable opportunity for the presentation in said suit of all claims of ownership as aforesaid; also that the claims of Hayden, Stone & Co., referred to in the order and receipt under which said sum of $310,000 was paid to said receiver shall be limited to such as pertain to their rights as pledgees of said stock or as owners thereof; also that said chancery suit be finally determined without waiting for the expiration of any statutory period of limitation for the presentation, recovery, or enforcement of any class of claims contemplated by this order, including claims on the part of Hayden, Stone & Co., said trustee being hereby instructed, upon his substitution, to take proper steps for the reformation of the order of said chancery court of September 24, 1908, in accordance with the understanding stated in this order, and to take such further steps as may be necessary for obtaining, so far as practicable, a complete report by said Hayden, Stone & Co. of the sales of securities, as provided for by the order of said chancery court of August 13, 1908."

Many petitions of intervening creditors were filed in said cause in the Wayne circuit court, and a final decree was entered in that court on December 31, 1912. The matter was reviewed in this court and will be found reported (*Austin* v. *Hayden,* 171 Mich. 38, 42 [137 N. W. 317, Am. & Eng. Ann. Cas. 1915B, 894]), and a final decree was entered in this court in accordance with the said opinion on August 15, 1913. The purpose of the bill, in our opinion, in that case is stated as follows:

"The bill of complaint in this suit is filed by Fred G. Austin, as receiver of Cameron Currie & Co., an

insolvent firm. Its general purpose, briefly stated, is
to obtain an accounting as to the transactions between
defendants and said insolvent firm, an adjudication of
the respective rights of numerous creditors of said
Cameron Currie & Co., to restrain said creditors from
instituting separate proceedings in relation thereto and
to allow them to intervene herein, and, pending these
proceedings, to enjoin defendants from selling or dis-
posing of certain enumerated stocks and bonds which
they held as collateral security, and in which com-
plainant, as receiver, and said creditors claimed an
interest."

The supplemental bill sets out that on the 18th day
of July, 1908, Cameron Currie, as an individual, was
a member of the New York and Boston Stock Ex-
changes, and that his seat in the New York Stock Ex-
change was of the approximate value of $80,000, and
that in the Boston Stock Exchange of the approximate
value of $28,000. It further sets out the rules and
regulations governing the conduct of the New York
and Boston Stock Exchanges, and avers that on Decem-
ber 8, 1913, the New York Stock Exchange paid to the
defendants as and for the proceeds of the sale of the
seat of Cameron Currie the sum of $90,989.40, and
that upon January 9, 1914, the Boston Stock Exchange
paid over to defendants as the proceeds of the sale of
the seat of Cameron Currie in the Boston Stock Ex-
change, the sum of $30,511.33. Further averments
contained in said supplemental bill are to the effect that
at the time of the receipt of said sums of money by the
defendants they had not satisfied the decree of this
court in the original case, and:

"Your orator further represents that prior to the
time that the proceeds of said Stock Exchange seats
were paid by said respective Stock Exchanges to Hay-
den, Stone & Co., your orator had commenced a suit
against the said Hayden, Stone & Co., and the Surety
Company, which appeared as surety upon the super-
sedeas bond filed in this court by Hayden, Stone & Co.,

to obtain a review in the Supreme Court upon the last appeal hereinbefore referred to; that said suit came on for trial in the District Court of the United States for the Eastern District of Michigan in March, 1914, and resulted in a judgment in favor of your orator against Hayden, Stone & Co., for the amount adjudged due your orator from Hayden, Stone & Co., in this proceeding, together with the interest and costs, which judgment upon such decree, together with the decree, have been satisfied by the payment of the amount of said decree, interest and costs by Hayden, Stone & Co.

"Your orator further represents that he was asked by certain creditors of Currie & Co., to file a supplemental bill in this cause to restrain Hayden, Stone & Co. from obtaining or seeking to obtain from the New York and Boston Stock Exchange seats, it being claimed by such creditors that Hayden, Stone & Co. could not legally assert a claim against the Stock Exchange seats or another assets of the firm of Currie & Co., or of either members of such firm growing out of transactions which have been declared by a court having competent jurisdiction to be joint torts committed by Hayden, Stone & Co., and Currie & Co.; that the petition of such creditors was at the request of your orator put in the form of a motion in the District Court of the United States for the Eastern District of Michigan, which had appointed your orator trustee in bankruptcy of the estate of Cameron Currie & Co., and Cameron Currie, and which motion was heretofore submitted to the Honorable Arthur J. Tuttle, District Judge.

"Your orator further represents that conceiving that the order of the Honorable Loyal E. Knappen, District Judge, hereinbefore referred to, might possibly stand in the way of the filing of such supplemental bill, said creditors so petitioning, asked that the order of Judge Knappen be modified; that after a hearing before the Honorable Arthur J. Tuttle, United States District Judge, the order of Judge Knappen was modified by an order, a true copy of which is hereto annexed and marked Exhibit A.

"Your orator further represents that a proceeding was pending in the District Court of the United States

for the Eastern District of Michigan in which the said Charles L. Freer was complainant, and Cameron Currie and your orator were defendants, which proceeding was brought for the purpose of foreclosing the pledge which the said Freer had upon the Stock Exchange seats of Cameron Currie & Co., in the New York and Boston Stock Exchanges; that upon the taking of proofs in said proceedings, certain definite findings of fact were made by the Honorable Arthur J. Tuttle, District Judge, a true copy of which findings of fact are hereto annexed and marked Exhibit B, upon which findings of fact a decree was thereafter entered by the Honorable Arthur J. Tuttle, District Judge, upon the 26th day of January, 1914, a true copy of which is hereto annexed and marked Exhibit C.

"Your orator further represents that if the firm of Hayden, Stone & Co. be permitted to retain the proceeds of the sale of the seats in the New York and Boston Stock Exchanges of Cameron Currie, Hayden, Stone & Co. will have been permitted to satisfy up to the amount of the proceeds of such seats, the decree rendered in this cause and in this court and in the Supreme Court in favor of your orator against Hayden. Stone & Co., out of assets belonging to your orator as trustee in bankruptcy of Currie & Co., and Cameron Currie; that such assets rightfully belong to your orator, but that such assets never, by reason of the failure and refusal of the New York and Boston Stock Exchanges to pay the same to your orator, came into the hands of your orator; that assets rightfully belonging to your orator as trustee in bankruptcy of Currie & Co., and Cameron Currie may not legally be used to satisfy a decree arising out of a joint wrongful action by Hayden, Stone & Co., with Currie & Co., out of which no right of action or cause of action could, under the law, be asserted by Hayden, Stone & Co., against Currie & Co., or the assets of Currie & Co., there being no contribution between joint tort-feasors.

"Your orator further represents that to the amount of $121,500.63 the said Hayden, Stone & Co., have reimbursed themselves out of assets belonging to your orator (subject to the rights of Charles L. Freer) to satisfy the decree obtained by your orator against

them, and that thereby Hayden, Stone & Co., have indirectly evaded and set at naught the decree of this court and of the Supreme Court of the State of Michigan, finding them joint tort-feasors with Currie & Co., on and after June 23, 1908, and holding them liable as such.

"Your orator further represents that he has been advised that Hayden Stone & Co. had and have no right to the proceeds of the New York and Boston Stock Exchange seats to reimburse them for moneys they were required thereafter to pay to satisfy your orator's decree against them, and that neither the New York nor the Boston Stock Exchanges had jurisdiction to order said moneys so to be paid to the said Hayden, Stone & Co.; the said New York and Boston Stock Exchanges having been informed of the claims of your orator to the proceeds of such Stock Exchange seats.

"Your orator further represents that he has been advised that it is within the jurisdiction of this court to entertain by supplemental bill, the matters hereinbefore set forth, which have accrued since the filing of the original bill in this court and cause, and your orator therefore prays."

The prayer for relief is as follows:

"(1) That your orator may be permitted to file this bill as a supplemental bill in this court and cause, and to aid in the enforcement of the decree hereinbefore entered.

"(2) That the defendants Charles Hayden, Galen L. Stone, N. Bruce MacKelvie, Jare Arthur Downs, and F. R. Rosen, copartners as Hayden, Stone & Co., be required to make full, true, and direct answer to this supplemental bill, paragraph by paragraph, under their several and respective corporal oaths.

"That a subpœna issue out of this honorable court directed to Charles L. Freer as a proper party, and that he be required also to make answer to this supplemental bill.

"(4) That the defendant Hayden, Stone & Co. be required to turn over to your orator the moneys received by them from the New York and Boston Stock Exchanges as hereinbefore set forth, as assets belong-

ing to said estate in bankruptcy of Cameron Currie & Co., and Cameron Currie, the individual.

"(5) That after the amount due to the said Charles L. Freer shall have been determined in conformity with the decree of the United States District Court for the Eastern District of Michigan, the balance be held by your orator as trustee in bankruptcy of the assets of Cameron Currie & Co., and of Cameron Currie individually, to be by your orator disbursed as a part of said assets.

"(6) That your orator may have such other and further relief in the premises as is consistent with equity and good conscience."

By the terms of the decree of this court, defendants were required to pay to the complainant the sum of $192,000. At the time the petition for leave to file a supplemental bill was argued in the court below, the decree of this court had been fully satisfied.

With reference to the right of the complainant to the fund in question, the matter is further complicated by the fact that he sought to compel the New York Stock Exchange to pay over to him, as trustee for Cameron Currie and others composing the firm of Cameron Currie & Co., the proceeds of the sale of the New York Stock Exchange seat. That proceeding was prosecuted by petition in the District Court of the United States for the Southern District of New York. An opinion was rendered by the District Court denying his claim and upon appeal to the Circuit Court of Appeals, the order denying relief was affirmed upon the opinion of the trial judge. *In re Currie,* 185 Fed. 263 (107 C. C. A. 369). Certiorari to the Supreme Court of the United States was later denied. *Austin* **v.** *Stock Exchange,* 220 U. S. 621 (31 Sup. Ct. 724).

It is the contention of the appellant that the supplemental bill tendered by him is in aid of the decree, and that the subject-matter of the bill is germane to the issue determined in the original case.

The rule is stated in 16 Cyc. p. 360, as follows:

"A supplemental bill may be filed either before or after decree. If after decree it may be in aid thereof where some further action proves to be necessary in order to obtain its benefit, or it may be to impeach the decree, and it is then a supplemental bill in the nature of a bill of review."

The rule is stated in Story's Equity Pleadings, § 338, as follows:

"A supplemental bill may also be filed as well after as before a decree, and the bill, if after a decree, may be either in aid of the decree, that it may be carried fully into execution, or that proper directions may be given upon some matter omitted in the original bill or not put in issue by it, or by the defense made to it, or to bring forward parties before the court. * * * But where a supplemental bill is brought in aid of a decree, it is merely to carry out and to give fuller effect to that decree, and not to obtain relief of a different kind on a different principle; the latter being the province of a supplementary bill in the nature of a bill of review, which cannot be filed without the leave of the court."

Counsel for appellant cite the cases of *O'Hara* v. *Shepherd*, 3 Md. Ch. 306, and *Root* v. *Woolworth*, 150 U. S. 401 (14 Sup. Ct. 136). In both cases the principle stated in the text finds support. The rule is stated in 3 Daniell's Chancery Practice, 159, as follows:

"A supplemental bill after a decree * * * must be strictly in aid of that which the court had already done. It cannot be filed for the purpose of introducing a completely new case."

It is the claim of the defendants that the supplemental bill is not in aid of the decree entered by this court; that the relief sought is not germane to that sought in the original cause; and, further, that the right of the defendants to the fund in question has been adjudicated by a court of competent jurisdiction

so far as it relates to the proceeds of the seat belonging to Currie in the New York Stock Exchange; and as to the proceeds of the sale of the seat in the Boston Stock Exchange, the decision in the New York case is a binding precedent.

We are of opinion that the order of the court below denying complainant the right to file a supplemental bill must be affirmed upon the ground that it is not germane to the original bill. The original bill was filed by complainant, not in the interest of the individual creditors of Currie, but in the interest of the partnership creditors of Cameron Currie & Co. It is, we think, clear that an issue between Currie's individual creditors and the defendants, involving an individual asset of Currie's, is entirely foreign to the issue presented and litigated in the former proceeding. Moreover, it is, we think, apparent that the supplemental bill cannot be considered a bill in aid of that which has already been done. The purpose of the original bill was to secure a money decree against the defendants upon the issues and facts presented in that proceeding. Such a decree was entered, and defendants, by the payment of the decree in full, have thereby accomplished plenary satisfaction thereof.

We are of opinion that the issues presented by the supplemental bill should be prosecuted by an original bill in another suit, for the reason that it involves an individual asset of Cameron Currie and is between other parties than those concerned in the original litigation. It has no relation to the original bill, nor to the issues therein raised.

Under this view of the case, it is unnecessary to consider the effect of the decision of the Federal court, cited *supra*.

The order is affirmed, with costs.

STONE, C. J., and KUHN, BIRD, MOORE, BROOKE, and PERSON, JJ., concurred. OSTRANDER, J., did not sit.